UNITED STATES BANKRUPTCY COURT
DISTRICT OF DELAWARE

*In re* WASTE2ENERGY, INC. *et al.*     Case No. 11-12504 (KJC)
     Debtor       Reporting Period: 6/302012

MONTHLY OPERATING REPORT
File with Court and submit copy to United States Trustee within 20 days after end of month.

This reporting package is a consolidated report of information for WASTE2ENERGY (11-12504 KJC).

Submit copy of report to any official committee appointed in the case.

| REQUIRED DOCUMENTS | Form No. | Document Attached | Explanation Attached | Affidavit/Supplement Attached |
|---|---|---|---|---|
| Schedule of Cash Receipts and Disbursements | MOR-1 | Yes | Yes | |
| Bank Reconciliation (or copies of debtor's bank reconciliations) | MOR-1a | No | Yes | |
| Schedule of Professional Fees Paid | MOR-1b | Yes | Yes | |
| Copies of bank statements | | Yes | Yes | |
| Cash disbursements journals | | No | Yes | |
| Statement of Operations | MOR-2 | Yes | Yes | |
| Balance Sheet | MOR-3 | Yes | Yes | |
| Status of Postpetition Taxes | MOR-4 | Yes | Yes | |
| Copies of IRS Form 6123 or payment receipt | | No | Yes | |
| Copies of tax returns filed during reporting period | | No | Yes | |
| Summary of Unpaid Postpetition Debts | MOR-4 | Yes | Yes | |
| Listing of aged accounts payable | MOR-4 | Yes | Yes | |
| Accounts Receivable Reconciliation and Aging | MOR-5 | Yes | Yes | |
| Debtor Questionnaire | MOR-5 | Yes | Yes | |

I declare under penalty of perjury (28 U.S.C. Section 1746) that this report and the attached documents
are true and correct to the best of my knowledge and belief.

_____
Signature of Debtor

_____
Date

_____
Signature of Joint Debtor

_____
Date

_____
Signature of Authorized Individual*

7/20/12
_____
Date

WAYNE P. WEITZ

CHAPTER 11 TRUSTEE

_____
Printed Name of Authorized Individual

_____
Title of Authorized Individual

*Authorized individual must be an officer, director or shareholder if debtor is a corporation; a partner if debtor
is a partnership; a manager or member if debtor is a limited liability company

In re WASTE2ENERGY, INC. et al.
Debtor

Case No.  11-12504 (KJC)
Reporting Period:  6/302012

## SCHEDULE OF CASH RECEIPTS AND DISBURSEMENTS

Amounts reported should be per the debtor's books, not the bank statement.   The beginning cash should be the ending cash from the prior month or, if this is the first report,  the amount should be the balance on the date the petition was filed.   The amounts reported in the "CURRENT MONTH - ACTUAL" column must equal the sum of the four bank account columns.   The amounts reported in the "PROJECTED" columns should be taken from the SMALL BUSINESS INITIAL REPORT (FORM IR-1) .  Attach copies of the bank statements and the cash disbursements journal.  The total disbursements listed in the disbursements journal must equal the total disbursements reported on this page.

| | BANK ACCOUNTS | | | | CURRENT MONTH | | CUMULATIVE FILING TO DATE | |
|---|---|---|---|---|---|---|---|---|
| | BOA [1] | TRUST [2] | TAX | SSB[3] | ACTUAL | PROJECTED | ACTUAL | PROJECTED |
| CASH BEGINNING OF MONTH | 1,649 | 323,692 | 0 | 449 | 325,790 | 0 | 2,098 | 0 |
| **RECEIPTS** | | | | | | | | |
| CASH SALES | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 |
| ACCOUNTS RECEIVABLE | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 |
| LOANS AND ADVANCES | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 |
| SALE OF ASSETS [4] | 0 | 300,000 | 0 | 0 | 300,000 | 0 | 300,000 | 0 |
| TRANSFERS (FROM DIP ACCTS) | 0 | 0 | 0 | 0 | 0 | 0 | 500,000 | 0 |
| | | | | | | | 0 | |
| TOTAL RECEIPTS | 0 | 300,000 | 0 | 0 | 300,000 | 0 | 800,000 | 0 |
| **DISBURSEMENTS** | | | | | | | | |
| NET PAYROLL | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 |
| PAYROLL TAXES | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 |
| SALES, USE, & OTHER TAXES | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 |
| INVENTORY PURCHASES | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 |
| DIRECTORS FEES | 0 | 0 | 0 | 0 | 0 | 0 | 13,770 | 0 |
| INSURANCE | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 |
| ADMINISTRATIVE | 0 | 3,552 | 0 | 0 | 3,552 | 0 | 22,166 | 0 |
| CORPORATE FINANCE | 0 | 0 | 0 | 0 | 0 | 0 | 3,000 | 0 |
| PROFESSIONAL FEES | 0 | 223,643 | 0 | 0 | 223,643 | 0 | 362,617 | 0 |
| U.S. TRUSTEE QUARTERLY FEES | 0 | 0 | 0 | 0 | 0 | 0 | 1,950 | 0 |
| COURT COSTS | 0 | 0 | 0 | 0 | 0 | | 0 | 0 |
| TOTAL DISBURSEMENTS | 0 | 227,195 | 0 | 0 | 227,195 | 0 | 403,503 | 0 |
| NET CASH FLOW | 0 | 72,805 | 0 | 0 | 72,805 | 0 | 396,497 | 0 |
| (RECEIPTS LESS DISBURSEMENTS) | | | | | | | | |
| CASH - END OF MONTH | 1,649 | 396,497 | 0 | 449 | 398,595 | 0 | 398,595 | 0 |

### THE FOLLOWING SECTION MUST BE COMPLETED

**DISBURSEMENTS FOR CALCULATING U.S. TRUSTEE QUARTERLY FEES:  (FROM CURRENT MONTH  ACTUAL COLUMN)**

| | |
|---|---|
| TOTAL DISBURSEMENTS | 227,195 |
| LESS:  TRANSFERS TO DEBTOR IN POSSESSION  ACCOUNTS | 0 |
| PLUS:   ESTATE DISBURSEMENTS MADE BY OUTSIDE SOURCES  (i.e. from escrow accounts) | 0 |
| TOTAL DISBURSEMENTS FOR CALCULATING U.S. TRUSTEE QUARTERLY FEES | 227,195 |

[1] - This bank balance represents the balance for a Bank of America account of the Debtor which the Trustee has no control over
[2]  This an account opened by the Trustee of Waste2Energy Holdings, Inc. et al. at BNY Mellon in January 2012 for the administration of this estate
[3] - This bank balance represents the balance for a Morgan Stanley Smith Barney account of the Debtor which the Trustee has no control over
[4] - On June 6, 2012 the Bankruptcy Court approved an Order Authorizing the sale of substantially all of the Debtors' assets free and clear of any liens or claims in which part of the consideration was the application of the entire $500,000 post-petition financing facility, in addition to $300,000 in additional cash proceeds.

FORM MOR-1
(04/07)

In re WASTE2ENERGY, INC. et al.                                                    Case No.   11-12504 (KJC)
                    Debtor                                                         Reporting Period: 6/302012

### SCHEDULE OF PROFESSIONAL FEES AND EXPENSES PAID
This schedule is to include all retained professional payments from case inception to current month.

| Payee | Period Covered | Amount Approved | Payor | Check Number | Date | Amount Paid Fees | Expenses | Year-To-Date Fees | Expenses |
|---|---|---|---|---|---|---|---|---|---|
| Cole Schotz Meisel Forman & Leanord | 2/1/12-3/31/12 | $ 159,130.88 | Waste2Energy Holdings, Inc. | Wire | 6/27/2012 | $ 122,038.40 | $ 6,582.88 | $ 197,438.80 | $ 11,723.78 |
| GlassRatner Advisory & Capital Group LLC | 3/1/12-3/31/12 | $ 59,401.09 | Waste2Energy Holdings, Inc. | Wire | 6/27/2012 | $ 45,578.40 | $ 2,428.09 | $ 103,688.80 | $ 2,750.53 |
| Squire Sanders (US) LLP | 2/27/12-3/31/12 | $ 29,209.50 | Waste2Energy Holdings, Inc. | Wire | 6/27/2012 | $ 23,367.60 | $ - | $ 23,367.60 | $ - |
| Appelby (IOM) LLC | /25/2012 - 3/1/12 | $ 29,537.36 | Waste2Energy Holdings, Inc. | Wire | 6/27/2012 | $ 23,560.03 | $ 87.32 | $ 23,560.03 | $ 87.32 |

In re WASTE2ENERGY, INC. et al.                    Case No. 11-12504 (KJC)
                    Debtor                    Reporting Period.: 6/302012

## STATEMENT OF OPERATIONS
### (Income Statement)

The Statement of Operations is to be prepared on an accrual basis.  The accrual basis of accounting recognizes revenue when it is realized and expenses when they are incurred, regardless of when cash is actually received or paid.

| REVENUES | Month | | Cumulative Filing to Date |
|---|---|---|---|
| Income | $ - | $ | - |
| Gain on Extinguishment of Debt | - | | - |
| Net Revenue | $ - | $ | - |
| **EXPENSE** | | | |
| Employment Expenses | $ - | $ | - |
| Professional Fees | 41,207 | | 595,156 |
| Professional Expense Reimbursements | 1,545 | | 24,958 |
| Corp. Agent Service | - | | 13,770 |
| Bank Service Charges | - | | 2,500 |
| U.S. Trustee Fees | 1,625 | | 6,175 |
| Intellectual Property Maintenance Fees | - | | 15,500 |
| Chapter 11 Trustee Reimbursements | 1,987 | | 1,987 |
| Insurance | - | | - |
| Interest Expense | - | | - |
| Interest Expense - Notes | - | | - |
| Miscellaneous Expenses | - | | 600 |
| Loss on deemed debt extinguishment | - | | - |
| Office Expenses | - | | - |
| Outside Services | - | | - |
| Postage & Delivery | - | | 14 |
| Rent | - | | - |
| Corporate Finance Expenses | - | | 3,000 |
| Miscellaneous Litigation Related Expenses | 1,566 | | 1,566 |
| Electricity | - | | - |
| Telephone | - | | - |
| Travel | - | | - |
| Travel-Consultants | - | | - |
| Entertainment | - | | - |
| Dues and subscriptions | - | | - |
| Training | - | | - |
| Reconciliation Discrepancies | - | | - |
| Uncategorized Expenses | - | | - |
| Taxes | - | | - |
| Total Expenses | $ 47,930 | $ | 665,226 |
| **OTHER INCOME AND EXPENSES** | | | |
| Other income | $ - | $ | - |
| Net liabilities Forgiven in Bankruptcy | 0 | | 0 |
| Gain (Loss) on Foreign Currency Translation [1] | (7,218) | | 10 |
| Gain on derivative | 0 | | 0 |
| Warranty Expense | 0 | | 0 |
| Net Profit (Loss) Before Other Income & Expenses | $ (55,148) | $ | (665,216) |

[1] - This is a non-cash translation gain (loss) due to foreign currency fluctuations and their impact on the value of certain pre-petition debts.

In re WASTE2ENERGY, INC. et al.
Debtor

Case No. 11-12504 (KJC)
Reporting Period: 6/302012

## BALANCE SHEET

The Balance Sheet is to be completed on an accrual basis only. Pre-petition liabilities must be classified separately from postpetition obligations.

| ASSETS | BOOK VALUE AT END OF CURRENT REPORTING MONTH | | BOOK VALUE ON PETITION DATE |
|---|---|---|---|
| CURRENT ASSETS | | | |
| Unrestricted Cash and Equivalents | $ | 398,595 | $ 2,098 |
| Restricted Cash and Cash Equivalents (see continuation sheet) | | - | |
| Accounts Receivable (Net) [1] | | 50,000 | 50,000 |
| Intercompany Advances | | | |
| Funds in Escrow | | - | |
| Loan Receivable | | - | |
| Prepaid Expenses | | - | |
| Investments [2] | | 0 | 0 |
| Deferred Job Cost | | - | |
| TOTAL CURRENT ASSETS | $ | 448,595 | $ 52,098 |
| PROPERTY AND EQUIPMENT + OTHER ASSETS | | | |
| TOTAL PROPERTY & EQUIPMENT + OTHER ASSETS | $ | - | $ |
| TOTAL ASSETS | $ | 448,595 | $ 52,098 |

| LIABILITIES AND OWNER EQUITY | BOOK VALUE AT END OF CURRENT REPORTING MONTH | | BOOK VALUE ON PETITION DATE |
|---|---|---|---|
| LIABILITIES NOT SUBJECT TO COMPROMISE (Postpetition) | | | |
| Accounts Payable | $ | - | $ - |
| Accounts Payable - Related Parties | | 0 | 0 |
| Notes Payable | | 0 | 0 |
| Other Liabilities or Claims | | 0 | 0 |
| Taxes Payable | | 0 | 0 |
| DIP Facility [3] | | 0 | 0 |
| Accrued Interest | | 0 | 0 |
| Accrued Expenses | | 261,723 | 0 |
| Suspense Account | | 0 | 0 |
| TOTAL POSTPETITION LIABILITIES | $ | 261,723 | $ |
| LIABILITIES SUBJECT TO COMPROMISE (Pre-Petition) | | | |
| Accounts Payable | $ | 2,871,198 | $ 2,875,410 |
| Accounts Payable - Related Parties | | 2,418,595 | 2,415,041 |
| Notes Payable | | 11,342,990 | 11,342,990 |
| Other Liabilities or Claims | | 371,756 | 371,756 |
| Taxes Payable [4] | | 172,130 | 171,482 |
| Accrued Interest | | 0 | 0 |
| Accrued Expenses | | 0 | 0 |
| Suspense Account | | 0 | 0 |
| Secured Debt | | - | |
| Priority Debt | | - | |
| Unsecured Debt | | - | |
| TOTAL PRE-PETITION LIABILITIES | $ | 17,176,669 | $ 17,176,679 |
| TOTAL LIABILITIES | $ | 17,438,392 | $ 17,176,679 |
| OWNER EQUITY | | | |
| Capital Stock | | - | |
| Additional Paid-In Capital | | - | |
| Retained Earnings | | (16,989,797) | (17,124,581) |
| NET OWNER EQUITY | $ | (16,989,797) | $ (17,124,581) |
| TOTAL LIABILITIES AND OWNERS' EQUITY | $ | 448,595 | $ 52,098 |

Note: These pre-petition balances incorporate foreign exchange translation, as of the Petition Date for each entity, as well as current month end; changes in these balances from the Petition Date to the current period are driven by foreign currency fluctuation (Euro and British Pounds) except for Accrued Expenses (included in post-petition liabilities) which represent the administration of these cases.

[1] - Per the Schedule of Assets and Liabilities - Schedule B - Waste2Energy Inc.

[2] - The investments line item represents investment in subsidiaries which are detailed at $0.00 in the Schedule of Assets and Liabilities of the respective debtors; these assets were sold in June 2012, see note 3 below.

[3] - On June 6, 2012 the Bankruptcy Court approved an order authorizing the sale of substantially all of the Debtors' assets free and clear of any liens or claims. The consideration for the assets was the application of the entire $500,000 post-petition financing facility, in addition to $300,000 in additional cash proceeds.

[4] - Of this balance, $3,488 relate to domestic taxing authorities and the balance to Her Majesty's Revenue and Customs Office (denominated in British Pounds).

In re WASTE2ENERGY, INC. et al.
Debtor

Case No.  11-12504 (KJC)
Reporting Period: 6/302012

## STATUS OF POSTPETITION TAXES

The beginning tax liability should be the ending liability from the prior month or, if this is the first report, the amount should be zero.

| | Beginning Tax Liability | Amount Withheld or Accrued | Amount Paid | Date Paid | Check No. or EFT | Ending Tax Liability |
|---|---|---|---|---|---|---|
| **Federal** | | | | | | |
| Withholding | | | | | | |
| FICA-Employee | | | | | | |
| FICA-Employer | | | | | | |
| Unemployment | | | | | | |
| Income | | | | | | |
| Other: | | | | | | |
| Total Federal Taxes | $          - | $          - | $          - | $          - | $          - | $          - |
| **State and Local** | | | | | | |
| Withholding | | | | | | |
| Sales | | | | | | |
| Excise | | | | | | |
| Unemployment | | | | | | |
| Real Property | | | | | | |
| Personal Property | | | | | | |
| Other: | | | | | | |
| Total State and Local | $          - | $          - | $          - | $          - | $          - | $          - |
| **Total Taxes** | $          - | $          - | $          - | $          - | $          - | $          - |

## SUMMARY OF UNPAID POSTPETITION DEBTS

Attach aged listing of accounts payable.

| | Current | 0-30 | 31-60 | 61-90 | Over 90 | Total |
|---|---|---|---|---|---|---|
| Accounts Payable | | | | | | $          - |
| Wages Payable | | | | | | $          - |
| Taxes Payable | | | | | | $          - |
| Rent/Leases-Building | | | | | | $          - |
| Rent/Leases-Equipment | | | | | | $          - |
| Secured Debt/Adequate Protection Payments | | | | | | $          - |
| Professional Fees and Expenses | 257,498 | | | | | $   257,498 |
| Amounts Due to Insiders* | | | | | | $          - |
| US Trustee Quarterly Fees | 4,225 | | | | | $     4,225 |
| **Total Postpetition Debts** | $  261,723 | $          - | $          - | $          - | $          - | $   261,723 |

Explain how and when the Debtor intends to pay any past-due postpetition debts.

In re WASTE2ENERGY, INC. et al.                              Case No. 11-12504 (KJC)
         Debtor                              Reporting Period: 6/302012

## ACCOUNTS RECEIVABLE RECONCILIATION AND AGING

| Accounts Receivable Reconciliation | Amount | |
|---|---|---|
| Total Accounts Receivable at the beginning of the reporting period | 50,000 | |
| + Amounts billed during the period | 0 | |
| - Amounts collected during the period | 0 | |
| Total Accounts Receivable at the end of the reporting period | 50,000 | |
| | | |
| Accounts Receivable Aging | Amount | |
| 0 - 30 days old | 0 | |
| 31 - 60 days old | 0 | |
| 61 - 90 days old | 0 | |
| 91+ days old | $ 50,000 | |
| Total Accounts Receivable | $ 50,000 | |
| Amount considered uncollectible (Bad Debt) | (50,000) | |
| Accounts Receivable (Net) | $ - | |

## DEBTOR QUESTIONNAIRE

| Must be completed each month | Yes | No |
|---|---|---|
| 1. Have any assets been sold or transferred outside the normal course of business this reporting period? If yes, provide an explanation below. | X | |
| 2. Have any funds been disbursed from any account other than a debtor in possession account this reporting period? If yes, provide an explanation below. | | X |
| 3. Have all postpetition tax returns been timely filed? If no, provide an explanation below. | | X |
| 4. Are workers compensation, general liability and other necessary insurance coverages in effect? If no, provide an explanation below. | | X |
| 5. Has any bank account been opened during the reporting period? If yes, provide documentation identifying the opened account(s). If an investment account has been opened provide the required documentation pursuant to the Delaware Local Rule 4001-3. | | X |

Explanations:
1. See attached explanation
3. See attached explanation
4. See attached explanation

BNY MELLON
PO BOX 535413
PITTSBURGH, PA 15253-5413

**BNY MELLON**

**11-12504**
**WASTE2ENERGY HOLDINGS, INC.**
**WAYNE P. WEITZ** ████████████

424 MADISON AVE.
SUITE 510
NEW YORK, NY 10017

**Statement Period**
June 1 - June 30, 2012

For Customer Service
Call 1-800-634-7734, Ext. 8
Email BMSBankingCenter@bms7.com

## CONSOLIDATED BALANCE SUMMARY

| | Maturity Date | Ending Balance Prior Period | Ending Balance This Period |
|---|---|---|---|
| **CHECKING ACCOUNT** | | | |
| ████████████ | | $323,692.14 | $396,497.01 |
| **Total** | | $323,692.14 | $396,497.01 |

### Important Information Regarding Your Account

THE BMS BANKING USER GUIDE PROVIDES HELPFUL INFORMATION ON MANY TOPICS. TO LOCATE, CLICK THE AUTOMATIC LOGIN LINK UNDER BANKING FROM YOUR BMS SOFTWARE HOMEPAGE, CHOOSE KNOWLEDGE BASE/DOCUMENTS, CLICK ON MANUALS, AND SELECT BANKING USER GUIDE. YOU CAN REACH THE BMS BANKING CENTER AT (800)634-7734, OPT.8 OR EMAIL BMSBANKINGCENTER@BMS7.COM MON-FRI FROM 8AM TO 8PM ET.

**As of June 30, 2012, the funds for this case were on deposit in the following institutions as shown below:**

| | | | |
|---|---|---|---|
| Zions First National Bank | $0.00 | New York Community | $249,500.00 |
| Citi | $146,997.01 | | |
| | | **Grand Total:** | **$396,497.01** |



BNY MELLON
PO BOX 535413
PITTSBURGH, PA 15253-5413

**BNY MELLON**

**Statement Period**
June 1 - June 30, 2012

**11-12504**
**WASTE2ENERGY HOLDINGS, INC.**
**WAYNE P. WEITZ** ████████████

## CHECKING ACCOUNT SUMMARY                                             Account No. ██████████

|                       | Instances | Amount         |
|-----------------------|-----------|----------------|
| **Beginning Balance** |           | $323,692.14    |
| Deposits and Additions | 1        | $300,000.00    |
| Withdrawals           | 6         | $(227,195.13)  |
| **Ending Balance**    | 7         | $396,497.01    |

## TRANSACTION DETAIL

| Date  | Description                              | Debits         | Credits      | Balance      |
|-------|------------------------------------------|----------------|--------------|--------------|
| 06/07 | CHECK # 0000000110                       | $(1,986.61)    |              | $321,705.53  |
| 06/27 | WIRE TNSF:COLE SCHOTZ MEISEL FORMAN & LEONARD | $(128,621.28) |         | $193,084.25  |
| 06/27 | WIRE TNSF:GLASSRATNER ADVISORY & CAPITAL GROU | $(48,006.49) |          | $145,077.76  |
| 06/27 | WIRE TNSF:SQUIRE SANDERS (US) LLP        | $(23,367.60)   |              | $121,710.16  |
| 06/27 | OUTGOING WIRE                            | $(23,647.35)   |              | $98,062.81   |
| 06/29 | MANUFACTURERS TRADERS BUF                |                | $300,000.00  | $398,062.81  |
| 06/29 | CHECK # 0000000115                       | $(1,565.80)    |              | $396,497.01  |
| **Totals** |                                     | $(227,195.13)  | $300,000.00  |              |

## CHECKS PAID IN NUMERIC ORDER
(* Indicates a break in the check sequence)

| Check No. | Date  | Amount      | Check No. | Date  | Amount      | Check No. | Date | Amount |
|-----------|-------|-------------|-----------|-------|-------------|-----------|------|--------|
| 110       | 06/07 | $1,986.61   | 115 *     | 06/29 | $1,565.80   |           |      |        |

Total Checks Paid: $3,552.41

**As of June 30, 2012, the funds for this account were on deposit in the following institutions as shown below:**

| New York Community       | $249,500.00 | Citi        | $146,997.01 |
|--------------------------|-------------|-------------|-------------|
| Zions First National Bank | $0.00       |             |             |

Grand Total: $396,497.01

## UNITED STATES BANKRUPTCY COURT
## DISTRICT OF DELAWARE


**In re Waste 2 Energy Holdings, Inc. et al.**                    **Case No. 11-12504 (KJC)**
                    **Debtor**


## Explanations Regarding Monthly Operating Report


1.      On October 7, 2011 Wayne P. Weitz was appointed chapter 11 trustee (the "Trustee") of Waste2Energy Holdings Inc. (the "Debtor"). Initially, there were no assets of the bankruptcy estate, except for de minimis bank accounts over which the Trustee has no control, one bank account held at Bank of America with a deficit balance (believed to be closed by Bank of America), certain intellectual property, and potential causes of action against former management or others.

2.      On January 26, 2012 the Bankruptcy Court entered an interim Order approving post-petition financing and later on February 17, 2012 entered a final Order approving a DIP facility to fund the administration of this case.

3.      To facilitate the receipt of DIP facility proceeds, the Trustee opened a bank account at BNY Mellon to receive any funds and disburse amounts necessary for the administration of this case. This is the only bank account currently within the control of the Trustee.

4.      The Debtor has no sales, revenues or other cash receipts, aside from the proceeds of the post-petition DIP facility. There are no employees or other ongoing operations of any kind. The majority of payments disbursed from the BNY account have been used for professionals in the administration of the estate, fees paid to the U.S. Trustee, fees paid in the attempted sale of the assets of the Debtor and fees paid to preserve the primary asset of the estate, the patent application. The Debtor has no other material business expenses or disbursements.

5.      The Trustee has no reason to believe that the books and records of the Debtor (maintained by former management) are in any way accurate or reliable. The Trustee does not know what level of internal controls existed, whether balances entered were real or fictional and has only incomplete sets of financial records.

6.      The known bank accounts of the Debtor (including cases under joint administration described shortly hereafter) include:

a.  A bank account held at Bank of America over which the Trustee formerly had control, but had a deficit (negative) balance. The Trustee believes that this account has since been closed by Bank of America.

b.  A bank account held at Bank of America over which the Trustee has no control with a believed balance of $1,648.93. This account is disclosed in Monthly Operating Reports in all months since the appointment of the Trustee.

c.  A bank account held at Morgan Stanley Smith Barney, with a believed balance of $449.18,  in the name of Waste2Energy Inc. (one of the jointly administered cases described below). The Trustee has no control over this account. This balance is disclosed starting in the January 2012 (month in which Waste2Energy, Inc. filed for chapter 11) Monthly Operating Report.

d.  The Monthly Operating Reports have the BNY bank account statements attached beginning in January 2012, the month in which the Trustee opened the account.

e.  The Trustee has learned of a bank account held in the Isle of Man and is in the process of learning more about this account and attempting to gain control over it.

7.    The Trustee has used what little cash is available in an attempt to sell the assets of the estate and identify other means of potential recovery to the estate's creditors.

8.    With the understanding of the above, these Monthly Operating Reports are being prepared with the information on which the Trustee feels is accurate and with information gathered since his appointment on October 7, 2011.

9.    There is no bank reconciliation attached because there is no reliance on the books and records kept by the Debtor's former management (and thus nothing to reconcile to). The Schedule of Receipts and Disbursements contains what the Trustee believes to be the accurate bank balances for Bank of America and Morgan Stanley Smith Barney accounts over which he has no control.

10.    The balance sheet was compiled using information obtained from the Debtor's Schedule of Assets and Liabilities and reflects such information enumerated therein.

11.    On January 24, 2012, Waste2Energy Inc.; Waste2Energy Group Holdings PLC; and Waste2Energy Technologies International Ltd. (together, the "New Debtors") filed voluntary petitions in this Court for relief under chapter 11 of the Bankruptcy Code.

12.    The New Debtors financial results and records are consolidated in the Monthly Operating Reports with the Debtor's (Waste2Energy Holdings, Inc.) as there was no activity at any of these entities since the appointment of the Trustee. The schedules presented in the Monthly Operating Reports beginning in January 2012 show this consolidation in the balances displayed in the

balance sheet. Additionally, the Morgan Stanley Smith Barney account is displayed beginning in January 2012.

13.     Since some of the New Debtors are domiciled outside the United States, their debts are quantified in foreign currencies (Euro and British Pounds). Since the passage of time results in foreign currency fluctuations, the translation of these pre-petition debts changes from month-to-month which can be seen on the balance sheet and statement of operations. The foreign currency translation can be seen starting in January 2012 (the month the New Debtors filed for chapter 11). These fluctuations also appear as non-cash accruals in the statement of operations.

14.     The condition and reliance upon books and records of the New Debtors are similar to the Debtor. The financial records are incomplete and what information and records exist are not accurate or reliable. These entities do not have any post-petition bank account balances, except the Morgan Stanley Smith Barney account for Waste2Energy, Inc. which the Trustee has no control over.

15.     The Trustee and his advisors are currently analyzing whether there was any taxable income reportable by the Debtors and seeking counsel from advisors regarding the appropriate course of action to follow with respect to the filing of returns on behalf of the Debtors.

16.     On June 6, 2012 the Bankruptcy Court entered an Order "*AUTHORIZING (I) THE SALE OF SUBSTANTIALLY ALL OF THE DEBTORS' ASSETS FREE AND CLEAR OF LIENS, CLAIMS, INTERESTS AND ENCUMBRANCES; AND (II) GRANTING RELATED RELIEF*" - Docket No. 153. Please see this order for details regarding the sale and post-petition financing.