IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| Waste2Energy Holdings, Inc., *et al.*[1] | Case No. 11-12504 (KJC) |
| Debtor. | Jointly Administered |
| | Hearing Date: February 14, 2013 at 11:00 a.m. ET<br>Objection Deadline: February 7, 2013 at 4:00 p.m. ET |

### FIRST INTERIM APPLICATION OF THE CHAPTER 11 TRUSTEE FOR ALLOWANCE OF INTERIM COMMISSION ON AMOUNTS DISTRIBUTED DURING PERIOD FROM SEPTEMBER 15, 2011 THROUGH DECEMBER 31, 2012

Wayne P. Weitz, as the chapter 11 trustee (the "Chapter 11 Trustee" or "Trustee") of the estates of the above-captioned debtors (the "Debtors"), hereby applies to this Court (the "Application"), pursuant to section 331 of the Bankruptcy Code, for interim approval and payment of the Trustee's statutory commissions, calculated pursuant to section 326 of the title 11 of the United States Code (the "Bankruptcy Code"), for funds distributed during the time period commencing on September 15, 2011 through and including December 31, 2012 (the "Application Period"). As set forth more fully herein, the Trustee seeks a statutory commission for the Application Period totaling $55,328.24. In support of the Application, the Chapter 11 Trustee respectfully represents as follows:

### BACKGROUND

1.      On August 8, 2011 (the "Involuntary Petition Date"), Luppino Landscaping & Masonry, LLC, Andrew John Savage, William Paul Simmelink and Steven Benkofsky (the "Petitioning Creditors"), filed an involuntary chapter 11 petition against Waste2Energy

---

[1] The Debtors in these chapter 11 cases are: Waste2Energy Holdings, Inc.; Waste2Energy Inc.; Waste2Energy Group Holdings PLC; and Waste2Energy Technologies International Ltd.

49676/0001-9110676v2

Holdings, Inc. ("W2E"), which was served on W2E, together with a summons, on or about August 12, 2011.

2. On August 9, 2011, the Petitioning Creditors filed an Emergency Motion for Appointment of Chapter 11 Trustee Pursuant to 11 U.S.C. § 1104(a)(1) and 1104(a)(2) [Docket No. 5-10] (the "Trustee Appointment Motion"), together with a motion for an order shortening time for same [Docket No. 11], which the Court granted on August 9, 2011.

3. The Petitioning Creditors and W2E entered into a Consent Order for Relief in an Involuntary Case, which was granted by the Court on September 12, 2011 [Docket No. 50], effectively converting the case from an involuntary to a voluntary chapter 11 proceeding.

4. On September 15, 2011, the Court entered an Order Authorizing and Directing the Appointment of a Chapter 11 Trustee [Docket No. 52].

5. On February 3, 2012, this Court authorized the Chapter 11 Trustee to retain Cole, Schotz, Meisel, Forman & Leonard, P.A., *nunc pro tunc* to November 1, 2011, to serve as Bankruptcy Counsel for the Trustee in these proceedings pursuant to 11 U.S.C. § 327(a) and 328, Federal Rules of Bankruptcy Procedure 2014 and 2016, and the terms set forth in the Application for an Order Authorizing the Employment and Retention of Cole, Schotz, Meisel, Forman & Leonard, P.A. as Bankruptcy Bankruptcy Counsel for the Trustee *Nunc Pro Tunc* to November 1, 2011 [Docket No. 99].

## JURISDICTION AND VENUE

6. This Court has jurisdiction over this Application pursuant to 28 U.S.C. §§ 157 and 1334. This Application is a core proceeding pursuant to 28 U.S.C. § 157(d). Venue of this case in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409. The statutory predicate fro the relief sought herein are sections 326 and 331 of the Bankruptcy Code.

249676/0001-9110676v2

## RELIEF REQUESTED AND BASIS THEREFORE

7. By this Application, the Chapter 11 Trustee respectfully requests this Court's approval of an interim distribution of the statutory commission in this case. Based upon the funds distributed to parties in interest during the time period from September 15, 2011, through and including December 31, 2012, the Chapter 11 Trustee is entitled to a statutory commission, pursuant to section 326 of the Bankruptcy Code, in the amount of $55,328.24.[2]

8. Since his appointment in these cases, the Chapter 11 Trustee has distributed to parties in interest funds in the total amount of $1,069.274.54 (the "Distributions"). The Chapter 11 Trustee is entitled to the statutory commission for the Distributions, as set forth in section 326 of the Bankruptcy Code. Attached hereto as Exhibit A is the Trustee's Form 2 – Cash Receipts and Disbursements Record – which provides detailed descriptions of the cash received and the disbursements made.

## COMPUTATION OF COMPENSATION

9. Under the formula set forth in section 326 of the Bankruptcy Code, the Chapter 11 Trustee's commission on the Total Distributions is calculated as follows:

| Statutory Categories | Statutory Amount | Commission Percentages | Trustee Compensation |
|---|---|---|---|
| (1st) Not to Exceed $5,000 | $5,000.00 | 25% | $1,250.00 |
| (2nd) From $5,000 To $50,000 | $45,000.00 | 10% | $4,500.00 |
| (3rd) From $50,000 To $1,000,000 | $950,000.00 | 5% | $47,500.00 |
| (4th) Amounts Over $1,000,000 | $69,274.54 | 3% | $2,078.24 |
| Totals | $1,069,274.54 | | $55,328.24 |

---

[2] Although the Chapter 11 Trustee is seeking authorization to distribute $55,328.24 as interim commission, he will hold back 20% of such amount in order to preserve estate assets. However, the Chapter 11 Trustee reserves the right to distribute the 20% holdback at any time without further order of the Court.

349676/0001-9110676v2

10. Given the nature of the "waterfall" analysis set forth in section 326 of the Bankruptcy Code, the Trustee's commission on any future distributions will be limited to the minimum 3% commission for distributions in excess of $1,000,000.00.

### SERVICES RENDERED

11. Upon his appointment, the Chapter 11 Trustee was required to review and understand the nature of the Debtors' business and remaining assets, and the matters at issue in these cases.

12. The Chapter 11 Trustee, in consultation with his counsel, has reviewed the Debtor's financial situation, liens against Debtor's assets, and litigation claims and avoidance actions. This case administration and asset recovery and liquidation, however, is an ongoing process. Since this case was commenced as an involuntary case, the Trustee spent numerous hours understanding the Debtors' records without the assistance of schedules and statement of financial affairs.

13. Significantly, the Trustee has also commenced an action for the recovery of fraudulent and preferential transfers.

14. The Chapter 11 Trustee has also maintained the estate's accounts and records, responded to creditor inquiries, reviewed and conferred with counsel regarding numerous ongoing matters.

15. Based upon a review and analysis of the Trustee's time records, the Trustee estimates that he has spent approximately 382 hours of time working on this matter acting in his capacity as chapter 11 trustee on these activities during the Application period, and that the dollar value of his services is approximately $156,000.

449676/0001-9110676v2

16.     Given the current stage of this case, and the amount of time spent by the Trustee in managing this case and the interim commission available to apply to such time, the Chapter 11 Trustee respectfully requests an interim distribution of commission in the amount of $55,328.24.

17.     This is the first application of the Trustee for interim compensation in this case.

WHEREFORE, the Chapter 11 Trustee prays for approval of his interim commission for the Application Period in the sum of $55,328.24. and for such other and further relief as is just and proper.

Dated:  January 24, 2013

By: *Wayne P. Weitz*
Wayne P. Weitz
Chapter 11 Trustee